# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **LINZIE RILEY, JR., ET AL** | * | **CIVIL ACTION NO. 04-1732** |
| **VERSUS** | * | **JUDGE JAMES** |
| **STIHL, INC., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment filed by defendants, Stihl Incorporated ("Stihl") and Andreas Stihl AG & Co. KG ("Andreas Stihl") (Document No. 33), pursuant to F.R.C.P. Rule 56. For reasons stated below, it is recommended that the motion be **GRANTED.**

Plaintiffs,[1] the eight children of John Henry Lee, deceased, filed this wrongful death and survival action against Stihl in state court on May 28, 2004. The plaintiffs sought to recover damages for injuries that Lee suffered in a fire that ignited while he operated a chain saw manufactured by Andreas Stihl. The defendants removed the case to this Court on August 17, 2004. Shortly thereafter, the plaintiffs filed a second suit, against Andreas Stihl, and on March 29, 2005, both suits were consolidated. Pursuant to the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq*. ("LPLA"), plaintiffs claimed that the defendants, as distributor and manufacturer of the chain saw, were liable because the "chainsaw [*sic*], as designed and manufactured, contained a vice or defect, rendering it inherently dangerous for its intended use" and that this defect caused the resulting fire and injuries.

On December 23, 2004, this Court issued a Scheduling Order governing the two now

---

[1] The plaintiffs consist of the following individuals: Linzie Riley, Jr.; Shirley Johnson; Bobbie Daniel; Wanda Carr; Evlyn Joyce Hendriex; Melvin Lee; Jimmy Riley; and John Wayne Riley.

consolidated actions which, among other things, set a deadline of May 31, 2005, for plaintiffs to deliver their expert reports to opposing counsel. By order dated June 3, 2005, on plaintiffs' unopposed motion, this Court extended that deadline to June 30, 2005. The plaintiffs have failed to file any expert reports and have not filed any additional motions to extend the time for filing. In fact, the only mention of an expert appears in plaintiffs' Opposition to Motion for Summary Judgment in which plaintiffs cite an expert's deposition testimony from an unrelated but allegedly similar action against the defendants. Plaintiffs purport to offer the expert's testimony in this action as evidence that the specific chain saw Lee used was defective.

The defendants claim that the plaintiffs have failed to provide sufficient evidence for their claims so as to withstand a motion for summary judgment. Specifically, the defendants insist that plaintiffs' failure to provide a timely expert report prevents them from proving that the chain saw Lee used contained a defect and that a defect caused the fire. Without expert testimony regarding the chain saw's condition and performance, the defendants argue that the plaintiffs' allegations are merely conclusions and that, as a matter of law, they do not create a genuine issue of material fact. In opposing this motion, plaintiffs assert that they are entitled to application of the doctrine of *res ipsa loquitur* and thus, the chain saw's defect may be inferred. As additional circumstantial evidence of a defect, plaintiffs also cite Stihl's recall of chain saws other than Model 044 and, as stated above, the testimony of an expert in a separate and unrelated action.

## **LAW AND ANALYSIS**

<u>Summary Judgment Standard</u>

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An

2

issue is "genuine" under this standard if the non-moving party has presented sufficient evidence such that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Products Liability Claim under LPLA

Plaintiffs' allegations suggest a claim arising under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.* Under the LPLA, the essential elements of a claim against a manufacturer of a product are that the product must have been used in a reasonably anticipated manner; that the product was unreasonably dangerous because of some defect in its design or manufacture, or because of an inadequate warning;[2] that the defect existed at the time the product

---

[2] While the plaintiffs' complaint also alleges inadequate warnings as a basis for defendants' liability, they failed to address this in their Opposition to the Motion for Summary Judgment and have provided no evidence in support of this allegation. The defendants, however,

3

left the manufacturer's control; and that the product was the proximate cause of the plaintiff's damages. *See* La. R.S. 9:2800.54(A).

The defendants assert, and this Court agrees, that there has been sufficient time for discovery, including an extension at the plaintiffs' request, and that plaintiffs have failed to provide this Court with evidence sufficient to create a genuine issue of material fact as to whether the chain saw was unreasonably dangerous because of some manufacturing or design defect.

Evidence of a Defect

Plaintiffs, in their Opposition to the Motion for Summary Judgment, cite several recalls of Stihl chain saws for ignition ground wire fires as evidence that the Model 044 chain saw Lee used was defective. This evidence is insufficient to create a genuine issue of material fact as to the existence of a defect in the model at issue in this case. As the plaintiffs acknowledged in their Opposition to the Motion for Summary Judgment, none of the previous recalls pertained to the Model 044 chain saw that injured Lee. Thus, the previous recalls do not sufficiently indicate that a specific defect existed in the chain saw Lee used. Even if it were possible to draw a correlation between the recalled chain saws and an alleged defect in the Model 044 chain saw, the plaintiffs have failed to provide any expert testimony doing so. Without expert testimony on this point, the recall of other chain saw models is irrelevant to the instance involving Lee.

Plaintiffs also cite an expert's deposition testimony from a separate and unrelated action as evidence of a defect. The plaintiffs state that they have retained Stan Johnson as an expert and

---

have provided substantial evidence of warnings. Specifically, the defendants have identified five warnings that specifically warn about the danger of fire resulting from using the chain saw with a broken, missing, or improperly tightened gas cap or with loose sparkplug wires - the same types of harm alleged in this case. Therefore, no genuine issue of material fact exists on this issue, and the defendants are entitled to judgment as a matter of law.

offer his testimony from a separate case against Stihl in a state court in Maryland. Whatever the relevancy of an expert's testimony from a different case involving different facts and parties, the time for introducing experts has clearly passed, and this Court will not consider an untimely expert report. The plaintiffs had over two years to retain experts, to have the experts perform any testing or research regarding the existence of a defect, and to furnish the necessary reports. Their failure to do so within this time period precludes them from introducing expert testimony, even if an outside expert's testimony from a wholly distinct matter were relevant to the present case.

Res Ipsa Loquitur

Finally, the plaintiffs argue that summary judgment is not appropriate because the chain saw's defect can be inferred under the doctrine of *res ipsa loquitur*. The principle of *res ipsa loquitur* is derived from the weight that circumstantial evidence carries when the facts suggest that the defendant's negligence was the probable cause of the accident. *Cangelosi v. Our Lady Of the Lake Regional Medical Center*, 564 So.2d 654, 660 (La. 1990). The principle's application permits the inference of negligence when no direct evidence exists; however, it "does not relieve the plaintiff of the ultimate burden of proving by a preponderance of the evidence all of the elements necessary for recovery." *Id*. More importantly, even before an inference of negligence may be permitted, the plaintiff must demonstrate three things: (1) that the injury was of a kind which ordinarily does not occur in the absence of negligence; (2) that the conduct of the plaintiff or of a third person was sufficiently eliminated by the evidence as a more probable cause of the injury; and (3) that the indicated negligence was within the scope of the defendant's duty to the plaintiff. *Brown v. Olin Chemical Corp.*, 231 F.3d 197, 201 (5th Cir. 2000). While the plaintiffs have established that the defendants, as manufacturer and distributor of the chain saw, owed a duty not to sell and manufacture a defective chain saw, they have failed to establish the other two

5

requirements.

The plaintiffs have failed to show that Lee's injuries are of the type that would not have occurred but for the defendants' negligence in producing a defective product. The application of *res ispa loquitur* is generally limited to situations in which the cause of the harm is so apparent based on ordinary experience and common usage that it is reasonable to conclude that "such causes do not commonly occur in the absence of negligence." *White v. McCool*, 395 So.2d 774, 777 (La. 1981). When the particular cause of harm is not so apparent, however, the plaintiff "must put forth expert testimony to show that the harm could only have been caused by the negligence of the defendant." *Brown*, 231 F.3d at 201. The plaintiffs here have failed to put forth such evidence. As stated above, the plaintiffs' untimely and overdue expert testimony is not admissible. Furthermore, the testimony comes from an expert not involved in this case who has not examined the chain saw in question for any alleged defect. Without examining the chain saw Lee used, the plaintiffs' expert's testimony, even if admissible, is merely speculation. *See Brown v. Parker-Hannafin Corp.*, 919 F.2d 308 (5th Cir. 1991) (upholding district court's exclusion of expert's testimony because of his failure to inspect the device in issue).

Plaintiffs have also failed to eliminate other causes of the fire that injured Lee. While a plaintiff proceeding under a *res ipsa loquitur* theory need not eliminate all other possible causes of harm, he must present "circumstantial evidence that excludes other reasonable hypotheses with a fair amount of certainty." *Marks v. Dupre Transport, Inc.*, 2002 WL 31319940, *3 (E.D.La. 2002). The plaintiffs' evidence of recalls of chain saws other than the Model 044 chain saw and expert testimony from a different case do not satisfy this burden. While the plaintiffs allege that a defect in the chain saw's gas cap caused the fire that injured Lee, they have presented no evidence of what the specific defect was or even that it existed at all. Instead, the plaintiffs have

highlighted portions of witnesses' depositions that suggest only that Lee was an experienced logger.  Without evidence of any defect, the plaintiffs have not dispelled, to the extent necessary to overcome a motion for summary judgment, the possibility that Lee either improperly placed the gas cap on the chain saw or failed to do so altogether.  In addition, even if the gas cap were defective, the plaintiffs have produced no evidence to show, as required for claims pursuant to the LPLA, that any such defect existed at the time the chain saw left the manufacturer's control.  Although the plaintiffs insist that the gas cap's defect caused the fire that injured Lee, it is equally as plausible, after reviewing the plaintiffs' scant evidence and evidence presented by the defendants, that Lee's own error or some post-manufacturing defect or damage to the chain saw caused the fire.

**For the reasons stated above, it is recommended that the defendants' motion for summary judgment be GRANTED, and that plaintiffs' claims against the defendants be dismissed with prejudice at their cost.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of August, 2005.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE